**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| DOUGLAS S. PAGET M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:12-cv-01575-TWP-MJD |
| | ) | |
| PRINCIPAL FINANCIAL GROUP, | ) | |
| PRINCIPAL LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ON MOTION TO DISMISS**

This matter is before the Court on a Motion to Dismiss filed by Defendants Principal Financial Group and Principal Life Insurance Company (collectively, "Principal") under Federal Rules of Civil Procedure 12(b)(5) for improper service and 12(b)(6) for failure to state a claim upon which relief may be granted. On October 26, 2012, Plaintiff Douglas Paget, M.D. ("Dr. Paget") filed a complaint for damages against Principal for breach of a disability income insurance policy, alleging breach of contract and bad faith. For the reasons set forth below, Principal's motion to dismiss (Dkt. 7) is **DENIED**.

**I. BACKGROUND**

The following facts are from Dr. Paget's Complaint (Dkt. 1) and are accepted as true for purposes of this motion. Dr. Paget purchased a Disability Income Policy ("the Policy") from Principal on or about March 9, 2005. The Policy had a provision that provided Dr. Paget with coverage for residual disability, which covered a loss of earnings equal to or greater than 20% of his prior earnings if he were to become disabled but could still perform some of the substantial and material duties of his occupation, could not work full time in his occupation, or had to work

in another occupation. At the time Dr. Paget purchased the Policy he was working as a vascular surgeon in Indianapolis, Indiana.

In 2004, Dr. Paget sustained cervical spine injuries which caused him ongoing neurological problems. By 2008, his neurological problems had not subsided, and his symptoms were being further aggravated by continuously wearing lead aprons and performing surgery. Dr. Paget's spine injuries caused numbness and loss of sensation in his hand and fingers, creating an unacceptable risk to his patients. As a result of this condition, Dr. Paget was unable to perform the substantial and material duties of his occupation, and alleges that he experienced a loss of earnings equal to or greater than 20% of his prior earnings. Because of these circumstances, Dr. Paget filed a claim under the Policy, but his claim was denied by Principal.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal due to a failure of service of process. To withstand a motion to dismiss under this rule, the party on behalf of whom service is attempted bears the burden of proving its validity. *Robinson v. Turner*, 886 F. Supp. 1460, 1461 (S.D. Ind. 1995). Motions to dismiss are to be granted sparingly so parties are not denied the chance to have their substantive claims heard. *Id.* In determining whether the plaintiff has properly served the defendant, the facts are viewed in the light most favorable to the nonmoving party. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1271, 1275 (7th Cir. 1999).

When considering a motion to dismiss pursuant to Rule 12(b)(6), the court examines the sufficiency of the complaint, not the merits of the lawsuit. *United States v. Clark Cnty., Ind.*, 113 F. Supp. 2d 1286, 1290 (S.D. Ind. 2000). The court will dismiss a complaint for failure to state a claim if it "'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Hamlin v. Vaudenberg*, 95 F.3d 580, 583 (7th Cir.

1996) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)).  When reviewing a 12(b)(6) motion, the court takes all well-pleaded allegations in the complaint as true and draws all inferences in favor of the plaintiff.  *Bielanski v. Cnty. of Kane*, 550 F.3d 632, 633 (7th Cir. 2008) (citations omitted).  However, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citations omitted).  To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

### III.  DISCUSSION

**A.    12(b)(5) Service of Process**

In its first contention, Principal argues that Dr. Paget's complaint should be dismissed due to insufficiency of service of process. Federal Rule of Civil Procedure 4 governs service of process in the federal courts.  Corporations, partnerships and associations may be served in accordance with the state law for serving a summons in the state where the district court is located or where service is made. Fed. R. Civ. P. 4(h)(1)(A) and 4(e)(1).  Under Indiana Trial Rule 4.6, service on a domestic or foreign organization may be effected by service upon an executive officer of the organization or an agent appointed or deemed by law to have been appointed to receive service, in accordance with Indiana Trial Rule 4.1.   Ind. Tr. R. 4.6(A)-(B). Indiana Trial Rule 4.1 specifically states:

3

> A) In General. Service may be made upon an individual or an individual acting in a representative capacity, by:
>
> > (1) sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgment of receipt may be requested and obtained to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter; or
> >
> > (2) delivering a copy of the summons and complaint to him personally; or
> >
> > (3) leaving a copy of the summons and complaint at his dwelling house or usual place of abode; or
> >
> > (4) serving his agent as provided by rule, statute or valid agreement.

Ind. Tr. R. 4.1. If the formal requirements for service under Indiana Trial Rule 4.6 are not met, service can still be effectuated pursuant to Indiana Trial Rule 4.15(F), which provides "[n]o summons or the service thereof shall be set aside or be adjudged insufficient when either is reasonably calculated to inform the person to be served that an action has been instituted against him. . . ." *Towne v. Am. Family Mut. Ins. Co.*, No. 1:09-CV-0814-RLY-DML, 2010 WL 680344, at *3 (S.D. Ind. Feb. 22, 2010) (quoting Ind. Tr. R. 4.15(F)). This provision prevents service of process which is technically deficient from defeating the personal jurisdiction of a court. *Reed Sign Serv., Inc. v. Reid*, 755 N.E.2d 690, 696 (Ind. Ct. App. 2001). Trial Rule 4.15 requires a court to determine if service is sufficient, which depends upon the form of service, not whether the affected party was actually notified. *Swaim v. Moltan Co.*, 73 F.3d 711, 721 (7th Cir. 1996).

In *WW Extended Care, Inc. v. Aetna Life Ins. Co.*, 755 N.E.2d 712 (Ind. Ct. App. 2001), the Indiana Court of Appeals recognized that, in contrast to the other trial rules that require service to be made on certain parties, Trial Rules 4.1 and 4.6 are discretionary, providing that

4

"service *may be made* upon an individual, in the case of T.R. 4.1, or upon an organization, in the case of T.R. 4.6." 755 N.E.2d at 716 (emphasis in original).

> The discretionary nature of T.R. 4.1 and T.R. 4.6, coupled with the provision in T.R. 4.15(F), that '[n]o service [of summons] shall be . . . adjudged insufficient when [it] is reasonably calculated to inform the person to be served that an action has been instituted against him . . .,' is evidence that personal jurisdiction is acquired by any method of service of summons which comports with due process.

*Id.* (quoting Ind. Tr. R. 4.15(F)).  In *WW Extended Care*, the plaintiff mailed the pleadings to the defendant's general office address, and it was not addressed to any individual within the company.  Nevertheless, the materials made their way to Aetna's subrogation analyst, who contacted plaintiff's counsel to discuss the matter.  While the court found that the method of service was insufficient under Trial Rule 4.6 because it did not serve an individual listed under the rule, the court determined that service was sufficient under Trial Rule 4.15(F) because "it was reasonably calculated to inform Aetna that an action had been instituted against it."  *Id.*; *see also Towne*, 2010 WL 680344, at *4.  Although Indiana courts clearly establish that actual notice of a lawsuit alone will not cure defective service, actual notice may be considered in determining whether the notice was reasonably calculated to inform an organization of the action, thus satisfying Trial Rule 4.15(F).  *Towne*, 2010 WL 680344, at *4 (citing *Northwestern Nat'l Ins. Co. v. Mapps*, 717 N.E.2d 947, 954-44 (Ind. Ct. App. 1999) (additional citations omitted)).

In this case, the Court recognizes that service on Principal is technically deficient under Trial Rule 4.6 because Dr. Paget sent the summons and complaint to Colleen Schneider, a claims analyst at Principal, not an executive officer or agent.  Additionally, the summons was not delivered to Principal "by registered or certified mail or other public means" in accordance with Trial Rule 4.1.  However, it does not necessarily follow that this action ought to be dismissed under Rule 12(b)(5).  "In ruling on a motion to dismiss where defective service is shown, the

5

courts have broad discretion to dismiss the action or to retain the case but quash the service that has been made on defendant." *Montgomery, Zukerman, Davis, Inc. v. Diepenbrock*, 698 F. Supp. 1453, 1459 (S.D. Ind. 1988) (citing 5 Wright and Miller, *Federal Practice and Procedure* § 1354, at 585 (2d ed. 1987)).  The court's discretion to retain the action but quash the defective service is particularly expansive where there is a reasonable prospect that that the plaintiff will ultimately be able to serve the defendant properly. *Id.*

In this case, there is no indication that Dr. Paget would not be able to obtain proper service on Principal, and the Court finds that dismissal would "thwart the very purpose of the federal rules to secure the just, speedy, and inexpensive determination" of this action, since Dr. Paget would likely re-file his claims following a dismissal without prejudice. *Id.* at 1461; *see also* Fed. R. Civ. P. 1.  Therefore, the Court finds it is in the interest of justice to quash the attempted service on Principal and grant leave for Dr. Paget to secure proper service.  Principal's motion to dismiss under Rule 12(b)(5) is **DENIED,** and Dr. Paget is hereby **ORDERED** to serve Principal in accordance with Trial Rules 4.1 and 4.6 within fourteen (14) days of this Entry.

**B.    12(b)(6) Failure to State a Claim**

Principal next argues that Dr. Paget's Complaint should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.  As an initial matter, Principal Life asserts that but for the existence of the September 6, 2012 Determination Letter which was not attached to the Complaint, "Dr. Paget would be left without a single factual allegation of purported wrongdoing". (*See* Dkt. 17 at 1). Although motions to dismiss are typically evaluated solely based upon the facts presented in the complaint, Principal argues that the incorporation by reference doctrine should apply in this case and the Court should consider the Determination Letter attached as Exhibit A to Principal's motion (Dkt. 7-2).  Under the incorporation by

reference doctrine, a court may consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to his claim. *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). This doctrine allows the defendant to submit a document mentioned in the plaintiff's complaint without converting the defendant's Rule 12(b)(6) motion into a motion for summary judgment in accordance with Rule 12(d). *Id.*

Dr. Paget specifically referred to and attached a copy of the Policy to his Complaint, so the Court may properly consider it as part of the pleadings for purposes of this motion. *See Venture Assoc. v. Zenith Data Sys.*, 987 F.2d 429, 431 (7th Cir. 1993). Principal argues that because the factual assertions regarding Principal's conduct included in Dr. Paget's Complaint refer to, and therefore incorporate, the Determination Letter sent to Dr. Paget by Principal on September 6, 2012, outlining the reasons for the denial of his claim, the Court should consider the Determination Letter when ruling on the Rule 12(b)(6) motion. However, nowhere in the Complaint does Dr. Paget specifically reference or quote this document; he merely makes factual assertions regarding Principal's alleged conduct that give rise to his claim. The document that is central to Dr. Paget's claim is the Policy; he alleges that Principal did not act in accordance with their obligations under the Policy, thus giving rise to the claims for breach of contract and bad faith. The Determination Letter is not the agreement upon which Dr. Paget has brought this suit, nor is it central to Dr. Paget's claims; it is merely one piece of evidence supporting Principal's arguments. Therefore, the Court will not consider this document in deciding Principal's motion to dismiss.[1]

---

[1] The Court declines the parties' request to convert the motion to dismiss into a motion for summary judgment under Rule 12(d). To do so would require that the Court permit the parties to engage in discovery and be given an opportunity to present all materials pertinent to the motion, which would not be appropriate at this stage of the proceedings. *See Covington v. Ill. Sec. Svcs., Inc.*, 269 F.3d 863, 865 (7th Cir. 2001); Fed. R. Civ. P. 12(d).

Based upon the factual assertions in Dr. Paget's Complaint and the attached Policy, the Court finds that he has satisfied the requirements of *Iqbal* and *Twombly* and, accepting the factual allegations in the Complaint as true, has given Principal fair notice of what his claims are and has raised the right to relief beyond a speculative level. The factual disputes that Principal argues throughout the majority of their brief regarding whether Dr. Paget did or did not satisfy the requirements for payment under the Policy are not properly before this Court on a motion to dismiss. "The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of a complaint, not the factual sufficiency." *Kim v. Parker*, No. 1:09-CV-829-DFH-JMS, 2009 WL 2600083, at *1 (S.D. Ind. Aug. 24, 2009) (citing *Szabo v. Bridgeport Mach., Inc.*, 249 F.3d 672, 675-76 (7th Cir. 2001)). Therefore, the Court finds that Dr. Paget's Complaint is sufficient to survive the motion to dismiss, and Principal's motion is **DENIED**.

**C.     Improper Party**

Principal argues that Principal Financial Group should be dismissed as an improper party. However, Principal relies upon an affidavit attached to their 12(b)(6) motion, Dkt. 7-4, which, as explained above, may not be considered by the Court on a motion to dismiss. Based solely on the Complaint, it would not be appropriate for the Court to dismiss Principal Financial Group at this time.[2]

### IV.  CONCLUSION

For the forgoing reasons, Principal's Motion to Dismiss (Dkt. 7) is **DENIED.** Dr. Paget is hereby **ORDERED** to properly serve the Defendants in accordance with Indiana Trial Rules 4.1 and 4.6. within fourteen (14) days of the date of this Entry.

---

[2] Dr. Paget has, however, indicated that he will voluntarily dismiss Principal Financial Group from this action upon appropriate information showing that they are not a proper party. Dkt. 13 at 27.

Further, the Stay of Discovery (Dkt. 49) is lifted and the parties shall confer with the Magistrate Judge to establish new deadlines for discovery.

**SO ORDERED**.

Date: 08/14/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Robert E. Saint
EMSWILLER WILLIAMS NOLAND & CLARKE
rsaint@ewnc-law.com

Cassandra A. Kruse
EMSWILLER WILLIAMS NOLAND & CLARKE, P.C.
ckruse@ewnc-law.com

Salvatore A. Clemente
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
salvatore.clemente@wilsonelser.com

Jason E. Taylor
WILSON ELSER MOSKOWITZ EDELMAN DICKER--Louisville
jason.taylor@wilsonelser.com